The issue on appeal raised by Mr. Martinez, as you well know, is whether the trial court would be heard in failing to grant Mr. Martinez's motion to withdraw his guilty plea. I am adopting and incorporating the opening brief of the appellate and would entertain any questions you have with respect to the procedure that was followed. Yes, sir? It looked to me as though Martinez had a hard decision to make. Does he take 15 to serve, which is 5 years off the statutory mandatory minimum, or does he go to trial and it's 20 or nothing? I think he's going to go to trial. Hard call. And he went back and forth. He vacillated. I can't see any reason for his withdrawal of his change of plea except a change of mind on whether to gamble on 20 or nothing. Is there some other cause that would qualify as good cause? Your Honor, in looking to the law as good cause or a fair and just reason to withdraw the plea, I would refer you to page 20 of the opening brief, which you may be able to find absorbed the confusion, the change of mind, and his concern about his effectiveness of counsel under those factors as set forth. I just looked at page 20 again, and I don't think it answers my question. I'm really looking not for general propositions of law, but particularly in this case, what is his fair and just reason? His fair and just reason is that he was confused, that he didn't he really was not a participant, that he felt there wasn't an adequate objection in the PSI, that he was only present as an interpreter. He did make the allegation that his counsel had spent little time with him. One of his allegations is not, in fact, correct that his counsel had not filed any motions on his behalf. I simply think that he felt he had not been fairly represented. That's how he articulated it at the time. That's a conclusion, counsel. That's a conclusion. But in what particular or specific manner was he not fairly represented? What was not done for the defense that should have been done? Was there an investigation that wasn't carried out? Was there an expert witness that wasn't called? Your Honor, Mr. Martinez alleged and spoke to the court what – and there isn't a sufficient record to legitimize what his complaint was with the overall picture of ineffective assistance of counsel. I know that's a conclusion. But he based that on, in his presentation to the district court, that he had done his counsel follow through to assist him. Research in what area? I don't – the record doesn't say. Counsel, let me ask you this. At what stage did you come into this? You're not – you were not counsel at the sentencing. Were you? No, I was not. In fact, I think I'm the third counsel at this point. I'm first counsel on appeal, but there was a conflict of interest between the initial counsel and the co-defendant. Does he have an appeal as a right from the denial of this motion for withdrawal of the appeal? I believe that he does. The plea agreement is a little bit ambiguous, I think, with respect to what his rights are. But I was appointed as a direct appeal and followed through as the court. You were appointed by? By Magistrate Imbrugno, the district court. Okay. So am I correct that if – if there were ineffective assistance of counsel here in some fashion, that is, if something were to be developed that would show that there was ineffective assistance of counsel in failing to put forth a fair and just reason, that there would still be a possibility of filing a habeas petition? Yes, Your Honor. In fact, that's even in the plea agreement. And quite frankly, I wanted to go ahead and try to distinguish the Hyde case from Mr. Martinez's case, but I think that a 2255 is probably what will transpire out of this, because there isn't a sufficient record. And I apologize for being conclusive in my remarks, Your Honor, but if you look at page 22, those were the bases upon which Mr. Martinez sought to have the plea withdrawn. And may I just simply talk to you for a moment about the Hyde case? I know that the Ninth Circuit Hyde case was reversed by the U.S. Supreme Court after the disparity between the Fourth and Seventh Circuit and the Ninth Circuit. But I reread the U.S. Supreme Court Hyde case, and I'm not so certain that that which was the basis of the district court denying withdrawal, I'm not so certain that the Hyde case is directly on point. The Hyde case went so far as to limit itself, from what I understood, to a type of C plea, and that was under a circumstance where the defendant, in fact, made admissions that he had committed the crimes, contrary to Mr. Martinez, who says he was coerced and he was his – he was only an interpreter and that his defense counsel scared him into signing the plea. The other thing is that he also alleged at Hyde that there were false admissions that he had made. And what the Hyde case says, which is different than ours, is that the government moved to dismiss other charges, which is like ours, but they did not dismiss other charges. They did not agree to any specific sentence in the plea agreement, and nor did they make any recommendation as to dropping any other charges other than the original four. So that probably doesn't clarify much for you, but it's factually distinguishable. Okay. Could you tell me where in the excerpts of record, what page of the excerpts of record is your best shot on a fair and just reason to withdraw the plea? Yes, Your Honor. If you'll give me one minute, I can't do that. I assume you've got it in front of you tabbed and highlighted. Pardon me? Never mind. That is in the colloquy between the court. You just give me the page in line, and I'll highlight it and look at it again. Okay. If you'll excuse me one minute, because I don't have that marked. May I reserve on the two minutes I have to go to find that for you? You can come back on rebuttal. Give it to us on rebuttal. That's fine. Mr. Smoot. Good afternoon, Your Honors. May it please the Court, Russ Smoot for the United States. In listening to the Court's questions of appellate counsel, the United States, I guess at this point, rather than start with prepared statements, would open it up to the Court for any direction that the Court seeks from the government on this issue. Well, would you agree that if there were ineffective assistance in some fashion in going into this plea or in failing to advise him of the consequences of it in some fashion, that he could proceed on a habeas collateral review on ineffectiveness grounds? Yes, Your Honor. In fact, just to clarify, this was a case in which there was a waiver of appeal if the sentence was 180 months, which was what was negotiated by the parties. So the sentence could not have been appealed. I think that was a conditional waiver so that he could have appealed the sentence if for some reason the Court did sentence him to, say, 181 months or more, but yet the defendant elected not to withdraw. The right to the 2255 does remain in effect. He got the sentence that he agreed he ought to get, and the government said that if you get more, you can withdraw it? That is correct. And I would – I guess I would just point out, based on the Court's last questions concerning the record, the United States would submit that initially the defendant only pursued as a fair and just reason really nothing more than the fact that he had second thoughts and was – it changed his mind. Quite frankly, in 15 years, this is a significant sentence, and as the Court pointed out, it's inherent that there might be cold feet or difficulty making that decision. It wasn't until after the Court denied the defendant's motion to withdraw, the second time that the defendant had the opportunity to address the Court was when the defendant then produced unsubstantiated or unsupported, the government would say, claims of allegations against counsel. And in the excerpts of record, I would say that those – that colloquy at the motion hearing takes place between – roughly between ER pages 89 through 94. If there aren't any more questions from the Court, the United States would respectfully submit that district court Judge Succo did appropriately exercise the district court's discretion in denying the defendant's motion to withdraw his plea. Thank you. Yes. Justice, if you look to the excerpts of record of 88 through 95, I think you will have some clarification as to Mr. Martinez's allegations. And I hope that that does help you. I'm sorry. I didn't hear the last sentence. I said I hope that that does assist in clarifying your question as to what Mr. Martinez was alleging. That's the part that gave me a hard time, actually. His lawyer says, but I think he's concerned and it's a change of mind as much as anything else. And then the defendant himself says, Mr. Martinez, well, pretty much me and my attorney already went over just reading the, I just want to, I just hope you grant my motion to withdraw my plea. That's it. So I'm kind of left in the dark about what the fair and just reason is. I know you are. And I'm asking you what you just read, because I, is that from 94 and 95 or is that at page 88? Because between 88 and 95, there are a little clearer reasons, at least from Mr. Martinez's perspective, as to what his concerns were. I see. You're talking about page 94. Okay. Thank you. Thank you. You're welcome. Any other questions? There don't appear to be any. Thank you, Counsel. Thank you. The case just argued is submitted for decision. The next case, Woods v. Harris Financial Recovery Systems, has been dismissed.
judges: Schroeder, Kleinfeld, Bea